# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:09-CR-125 |
| | ) | (2:14-CV-278) |
| ANTHONY JEROME BANDY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Motion to Petition for Reconsideration or Reargument on the Ground of Actual Innocence Pursuant to § 2255, filed by Anthony Jerome Bandy on August 8, 2014 (DE #116), and the letter Seeking Counsel, filed by Anthony Jerome Bandy on September 18, 2014 (DE #117). For the reasons set forth below, the motion (DE #116) is **DISMISSED** for lack of jurisdiction, and the request contained within the letter (DE #117) is **DENIED** as moot. The Court **DECLINES** to issue a certificate of appealability.


<u>BACKGROUND</u>

Anthony Jerome Bandy ("Bandy") pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1) on October 16, 2009. A contested sentencing hearing was held over the course of two days in July of 2010, and, despite Bandy's objections, the Court ultimately determined that he was an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA").

See 18 U.S.C. § 924(e). Bandy was sentenced to two hundred and ten (210) months imprisonment.

Bandy appealed his conviction to the United States Court of Appeals for the Seventh Circuit. Bandy's court-appointed appellate attorney filed an *Anders* brief moving to withdraw because he concluded that the appeal presented no factually or legally nonfrivolous issues. Bandy's counsel noted that any challenge to the sentence imposed would have been frivolous on appeal as it was not imposed in violation of the law, was not the result of an incorrect application of the Guidelines, and was not substantively unreasonable. Bandy filed a response to his counsel's motion pursuant to Circuit Rule 51(b), in which he argued, among other things, that his 1996 conviction in Georgia should not have qualified as a violent felony for purposes of the ACCA. The Seventh Circuit Court of Appeals considered the issues raised in the *Anders* brief as well as Bandy's own arguments and ultimately concluded that the appeal was frivolous, noting that:

> [b]urglary is a violent felony, § 924(e)(2)(B)(ii), and a state conviction for burglary counts when it meets the federal definition of generic burglary—entry into a building for the purpose of committing a crime. See *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Georgia's statute, Ga.Code § 16-7-1(a), covers several different kinds of burglary, see *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006), and is divisible under the approach of *United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009). As *Taylor* permits, see 495 U.S. at 599–602, 110 S.Ct. 2143, the

-2-

> district court looked at the charging
> documents to determine whether Bandy was
> convicted of generic burglary. The indictment
> specifies that Bandy and others entered
> several dorm rooms on a college campus,
> intending to steal the occupants' possessions.
> That meets the federal definition of generic
> burglary. And, given *Almendarez-Torres v.
> United States*, 523 U.S. 224, 118 S.Ct. 1219,
> 140 L.Ed.2d 350 (1998), it would be frivolous
> to argue that any details about this
> conviction had to be proved anew beyond a
> reasonable doubt in the federal prosecution.

*U.S. v. Bandy*, 426 Fed. Appx. 448, 449, 2011 WL 2193286, *1 (7th Cir. 2011).

Bandy filed a motion pursuant to 28 U.S.C. section 2255 on April 17, 2012. In it he asserted that his counsel was ineffective for failing to object to: (1) a lack of personal jurisdiction; (2) a lack of subject matter jurisdiction; and (3) the Government's reliance on the Commerce Clause to enforce a violation of Title 18 U.S.C. section 922(g)(1).[1] The Court denied his motion and declined to issue a certificate of appealability. Bandy appealed, but the appeal was dismissed for failure to timely pay the required docketing fee pursuant to Circuit Rule 3(b). The mandate was issued on September 12, 2013.

Bandy filed the instant motion on August 8, 2014, arguing for "reconsideration or reargument on the ground of actual innocence

---

[1] In his reply brief, Bandy also raised two additional arguments, namely that his 1996 Georgia and 2007 Indiana convictions for burglary should not have counted as violent felonies for purposes of sentencing him as an armed career criminal under the ACCA. In its order, this Court pointed out in a footnote that those arguments had been forfeited by Bandy, and that, even if they had not, they were without merit. (See DE #101, pp. 12-13.)

pursuant to § 2255." In it, Bandy argues that his motion for reconsideration should be granted because the "said issue contained herein were (sic) not correctable on direct appeal . . . because the Court of Appeals failed to reviewed (sic) the record due to appellate Counsel's deficiency and Petitioner's lack of the law." Bandy goes on to state that he is asserting a claim of "actual innocence" to the 1996 Georgia burglary conviction that was used to enhance his sentence pursuant to the ACCA. He does not dispute that the 1996 Georgia conviction was his (rather than that of someone else); instead, he essentially rehashes the arguments he made during the original sentencing proceedings, on direct appeal, and in his reply brief to his original section 2255 motion --- that the conviction should not have been deemed a violent felony because he claims that he was ultimately convicted of "theft by receiving" rather than burglary and was a "first time defendant." Bandy does not present (or assert that there is) any newly discovered evidence regarding this conviction.


DISCUSSION

When a motion is brought requesting reconsideration of a final judgment, a court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a motion for reconsideration motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir.

-4-

2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b).")  If a motion for reconsideration is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition.  See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244; *Dunlap*, 301 F.3d at 875 (noting that 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").  The Seventh Circuit has explained the Supreme Court's position on such motions as follows:

> *Gonzalez* [*v. Crosby*, 545 U.S. 524 (2005)] holds that a motion under Fed.R.Civ.P. 60(b) must be treated as a collateral attack when the prisoner makes a 'claim' within the scope of § 2244(b).  This means, the Court concluded, that a procedural argument (say, one about the statute of limitations) raised using Rule 60(b) is not a new collateral attack, but that an objection to the validity of the criminal conviction or sentence is one no matter how it is couched or captioned.  See also, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000).  The reasoning of *Gonzalez* does not depend on which rule the prisoner invokes; its approach is as applicable to post-judgment motions under Fed.R.Crim.P. 6(e) as it is to motions under Rule 60(b).

*U.S. v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).

In this case, Bandy does not argue that there were any procedural defects in the proceedings related to the Court's decision to deny relief under section 2255. Rather, his motion for reconsideration again attempts to challenge the validity of his sentence, arguing (as he did during the underlying criminal proceedings, his direct appeal, and in the reply brief of his original section 2255 motion) that this Court incorrectly used his 1996 burglary conviction to enhance his sentence. Thus, Bandy's motion is a successive claim for relief under section 2255, for which he must obtain leave to file from the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h). This Court lacks jurisdiction to hear Bandy's motion for reconsideration, and it must be **DISMISSED**.[2] As such, the request "seeking counsel" contained within Bandy's subsequently filed letter is **DENIED AS MOOT**.

A certificate of appealability may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this motion is an unauthorized successive collateral attack, Bandy cannot satisfy the criteria for a certificate of appealability.

---

[2] To the extent Bandy argues that his position is somehow bolstered by *Descamps v. U.S.*, 133 S.Ct. 2276 (2013), he is mistaken. *Descamps* simply adopted the divisible/indivisible distinction as discussed in *U.S. v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009); *Woods* was cited to with approval by the Seventh Circuit when it dismissed Bandy's direct appeal. See *U.S. v. Bandy*, 426 Fed. Appx. 448, 449, 2011 WL 2193286, *1 (7th Cir. 2011). Furthermore, *Descamps* has not been made retroactively applicable on collateral review. *Groves v. U.S.*, 755 F.3d 588, 593 (7th Cir. 2014).

See *Sveum v. Smith*, 403 F.3d 447 (7th Cir. 2005). Accordingly, the Court **DECLINES** to issue a certificate of appealability.


DATED: October 28, 2014                 /s/ RUDY LOZANO, Judge
                                        **United States District Court**